UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEVEN PUENTE, individually and on behalf of other persons similarly situated,

                      Plaintiffs,

-against-

CANTOR FITZGERALD SECURITIES, INC., BGC TECHNOLOGY MARKETS, L.P., ESPEED MARKETS, L.P., and NEWMARK GRUBB KNIGHT FRANK,

                      Defendants.

---

ECF Case

Case No.:

**COMPLAINT
COLLECTIVE ACTION**

Plaintiffs, Steven Puente, individually and on behalf of other persons similarly situated (collectively "Plaintiff"), by his attorneys, Conover Law Offices, for his complaint against defendants, Cantor Fitzgerald Securities, Inc., BGC Technology Markets, L.P., Espeed Markets, L.P., and Newmark Grubb Knight Frank ("Defendants"), respectfully allege as follows:

## NATURE OF ACTION

1. This is a Fair Labor Standards Act collective and class action for damages against defendant to recover unpaid overtime wages under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") and New York Labor Law §§ 162, 190 *et seq.*, 193, 198, 650 *et seq.* and 663, as amended by the Wage Theft Prevention Act of 2011, 12 N.Y.C.R.R. § 142 ("NYLL").

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court over this controversy is invoked pursuant to 28 U.S.C. §1331 and 42 U.S.C. §2000e *et seq.*, and the Court's pendent jurisdiction is invoked for claims arising under state statutory and/or common law.

3.      Venue in the Southern District of New York is appropriate under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

## THE PARTIES

4.      Plaintiff, Steven Puente, resides in Long Island City, New York and was employed at defendant's office located at 110 East 59th Street, New York, New York from January 2008 to the present.

5.      Upon information and belief, Cantor Fitzgerald Securities, Inc. ("Cantor"), is a corporation organized and existing under the laws of New York, with principal offices at 110 East 59th Street, New York, New York 10022 and is an investment bank and brokerage business.

4.      Upon information and belief, defendant, BGC Technology Markets, L.P. ("BGC"), is a publically traded corporation, organized and existing under the laws of New York, with principal offices at 499 Park Avenue, New York, NY 10022, and is global brokerage company servicing the financial and real estate markets.

5.      Upon information and belief, defendant, Espeed Markets, L.P., is a publically traded corporation, organized and existing under the laws of New York, with principal offices at 499 Park Avenue, New York New York, 10022, and is a subsidiary of BGC and develops and deploys electronic marketplaces and related trading technology.

2

6. Upon information and belief, defendant, Newmark Grubb Knight Frank "(Newmark")", is a publically traded corporation, organized and existing under the laws of New York, with principal offices at 125 Park Avenue, New York, NY 10017, and is a subsidiary of BGC in the commercial real estate services industry.

7. At all relevant times, defendants, BGC, Espeed, and Newmark were established and operate under the ownership and/or control of Cantor (collectively referred to as "defendants" or "Cantor Fitzgerald").

8. Defendants were, and are, enterprises engaged in commerce within the meaning of the FLSA and, upon information and belief, each of the defendants' annual gross volume of sales made or business done was, and is, not less than $500,000.

## FACTS

### COLLECTIVE AND CLASS ACTION ALLEGATIONS

9. Plaintiff brings this action as a collective action pursuant to FLSA on behalf of those non-managerial employees who elect to opt-in to this action (the "FLSA Collective") and pursuant to Fed. R. Civ. P. Rule 23, on behalf of a class of all past, present and future non-managerial information technology employees who perform installation and technical support functions – installing, maintaining, supporting, and repairing communication and computer software and hardware, for Cantor Fitzgerald except those who elect to opt out of this action (the "Plaintiffs" or "Class").

10. Cantor Fitzgerald is a brokerage company servicing the financial and real estate markets, employing thousands of employees in offices worldwide.

11. Beginning in or about 2008 until the present, Cantor Fitzgerald employed the plaintiff and other members of the Class and FLSA Collective to perform installation

3

and technical support functions – installing, maintaining, supporting, and repairing communication and computer software and hardware work.

12. Upon information and belief, during the period from 2008 through the present, Cantor Fitzgerald employed more than 50 similarly situated persons nationwide in office locations including, but not limited to, Newport Beach, CA, Atlanta, GA, New York, NY, Rochelle Park, NJ, King of Prussia, PA, and Las Vegas, NV, in a similar capacity, comprising the putative class.

13. The putative class is so numerous that joinder of all members is impracticable.

14. The names of all potential members of the putative class are not known or knowable without defendants' records or discovery.

15. Plaintiff and all members of the putative class constitute "employees" as that term is defined under 29 U.S.C. § 203(e), New York Labor Law § 651, and case law interpreting these statutes.

16. The payments made to plaintiff and other members of the putative class by defendants constitute wages as that term is defined under FLSA and NYLL.

17. Common questions of law and fact predominate in this action including, but not limited to, the following:

    a. whether defendants failed to pay overtime wages at the rate of one and one half times the regular rate of pay for all hours worked in excess of 40 hours in any given week;

    b. whether defendants kept adequate and proper records of their employees' hours;

  c. whether defendants retaliated against plaintiff and/or the Class for asserting their rights to compensation under the law;

  d. whether defendants made false representations to plaintiff and/or the Class that all overtime would be properly paid for the purpose of inducing plaintiff and/or the Class to refrain from filing an action;

  e. whether defendants conditioned partial payments of overtime to previously unrepresented members of the Class on agreements to waive their rights to overtime due, and whether such waivers are enforceable;

  f. whether defendants complied with notice requirements of FLSA and NYLL by posting legally required notices in conspicuous places in every establishment where such employees are employed so as to permit them to readily observe a copy;

  g. whether defendants complied with the record-keeping requirements of the FLSA and New York State Labor laws with respect to overtime hours of plaintiff and the class; and

  h. whether defendants may be liable for compensatory damages and/or liquidated damages and the amount of such damages.

18. Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudication.

19. Individual litigation of these claims would be entirely impractical and would impair the ability of Class members to protect their interests.

20. Steven Puente is a member of the Class and his claims are typical of those of the Class, and he will fairly and adequately protect the interests of the Class.

21. Steven Puente's interests do not conflict with those of the Class.

22. Steven Puente will fairly and adequately represent the Class, and has retained competent counsel experienced in class action litigation.

23. Steven Puente is not aware of any other proceeding arising out of the issues in this action.

24. This Court is the appropriate forum for the instant action as defendants have their headquarters in this District, and all activities at issue took place here.

25. Steven Puente anticipates no difficulty in the management of this class action.

26. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

27. The Class members have been damaged and are entitled to recovery as a result of defendants' common, uniform, unlawful, and unfair personnel policies and practices.

28. Defendants have computerized payroll and personnel data that will make calculation of damages for specific Class members relatively simple.

29. The propriety and amount of compensatory and liquidated damages are issues common to the Class.

30. Plaintiff brings the claims in this Complaint arising out of the NYLL on behalf of himself and a class of similarly situated persons who are current and former employees of Cantor Fitzgerald in New York State.

31. Plaintiff collectively brings the claims in this Complaint arising out of the FLSA on behalf of himself and similarly situated persons who are nationwide current and former employees of Cantor Fitzgerald since the date three years prior to the filing of the complaint.

32. Upon information and belief, the FLSA Collective consists of in excess of fifty (50) similarly situated current and former nationwide employees of Cantor Fitzgerald who have been victims of defendants' common policy and practices in violation of their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

33. As part of its regular business practice, defendants have intentionally, willfully, and repeatedly harmed plaintiff, the Class, and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL, which policy and pattern or practice includes the following: Failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week.

34. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

35. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damage to the plaintiff, the Class, and the FLSA Collective.

36. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the lawsuit. Those similarly situated employees are known to Cantor Fitzgerald, are readily identifiable, and

7

locatable through Cantor Fitzgerald's records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. §216(b).

37. As a standard practice, Cantor Fitzgerald and failed to pay overtime to plaintiffs, the Class and the FLSA Collective for all hours worked in excess of 40 hours. The exact accounting of how many hours were inadequately compensated can only be determined for each plaintiff and the FLSA Collective upon completion of discovery.

## STEVEN PUENTE FACTS

38. In or about January 2008, plaintiff, Steven Puente, was employed by Cantor Fitzgerald as a Junior Voice Support Analyst, an information technology position, with job functions which included information technology installation and technical support for Cantor Fitzgerald and its affiliates.

39. As a Voice Support Analyst, Mr. Puente performed installation and technical support functions – installing, maintaining, supporting, and repairing communication and computer software and hardware – for Cantor Fitzgerald and its affiliates.

40. From January 2008 through 2013, Espeed paid Mr. Puente's salary.

41. Beginning on or about January 2014 through the present, BGC has paid Mr. Puente's salary.

42. From January 2008 through the present, Mr. Puente worked at various Cantor Fitzgerald offices, including the offices of Cantor, Espeed, BGC, and Newmark in various locations, including, but not limited to: Birmingham and Mobile, AL; Phoenix, AZ; Newport Beach, CA; Greenwich, CT; Washington, DC; Miami, Tampa, and West Palm Beach, FL; Atlanta, GA; Burlington, MA; Detroit, MI; Las Vegas, NV; East

Brunswick, East Rutherford, Marlton, Morristown, Newark, Princeton, and Rochelle Park, NJ; Melville, White Plains, and New York City, NY; Charlotte, NC; King of Prussia, Philadelphia, and Pittsburgh, PA; Dallas and Houston, TX; and McLean, VA.

43.     From January 2008 through the present, Mr. Puente worked in excess of 40 hours per week, but was not paid statutory overtime pay for overtime hours worked.

44.     Since January 2008 through the present, Mr. Puente has held the same position and has performed essentially the same job functions.

45.     Upon information and belief, Cantor Fitzgerald failed to post and keep posted notices explaining the overtime provisions of the FLSA and New York State Labor laws in conspicuous places in every establishment where plaintiff and other information technology employees were employed so as to permit them to readily observe a copy.

46.     Upon information and belief, Cantor Fitzgerald failed to comply with the record-keeping requirements of the FLSA and New York State Labor laws with respect to overtime hours worked by plaintiff and other information technology employees.

47.     In or about January 2014, Cantor Fitzgerald acknowledged that Mr. Puente's position as Junior Voice Support Analyst, and other positions within his information technology department, were nonexempt and had been misclassified as exempt.

48.     On or about January 14, 2014, Mr. Puente's supervisors, Larry Viola and John Kelly, advised Mr. Puente, and his coworkers who performed similar job functions, that the Human Resources and Legal Departments had requested records of their time from January 2008 to January 2014 for purposes of payment of overtime.

9

49. In or about February 2014, Mr. Puente and his coworkers submitted to their supervisors and Human Resources detailed records of their overtime during the requested six-year period.

50. Mr. Puente provided Cantor Fitzgerald with records documenting his unpaid overtime from 2008-2014, which totaled in excess of $100,000.

51. During the period February through November 2014, Mr. Puente's and his coworkers' supervisors repeatedly inquired as to the status of payment.

52. Human Resources responded that they were working on it and requested additional time records and updates from Mr. Puente and his coworkers.

53. On or about November 20, 2014, Mr. Puente wrote directly to the Human Resources Director, Patricia Dreste, to inquire about payment and, receiving no response, Mr. Puente wrote again to Ms. Dreste on December 1, 2014 and January 12, 2015.

54. On or about January 12, 2015, Ms. Dreste replied stating "we are working on this," and "I am doing my best to resolve this in the next week."

55. Two months later, on or about March 13, 2015, Ms. Dreste, with Mr. Viola on the line, called Mr. Puente and advised that Cantor Fitzgerald was prepared to pay him two years of overtime totaling $51,528 for the period 2012-2014.

56. When Mr. Puente asked Ms. Dreste why Cantor Fitzgerald was not paying unpaid overtime for the entire six year period, Ms. Dreste was unable to answer the question.

57. Ms. Dreste advised Mr. Puente that in order to be paid for overtime for the period 2012-2014, he needed to sign a document entitled "Acknowledgement of Payment," acknowledging that the payment "includes all compensation you believe is

outstanding and due to date with respect to the time period the Company classified you as exempt from federal and state overtime laws."

58.     Mr. Puente elected not to sign the proposed Acknowledgment because the proposed payment of two years of overtime did not include all the unpaid overtime during the time period Cantor Fitzgerald misclassified him as exempt.

59.     Upon information and belief, Cantor Fitzgerald made similar offers of partial payment to Mr. Puente's coworkers and unlawfully required that they sign an Acknowledgement of full payment.

60.     Upon information and belief, Cantor Fitzgerald engaged in a pattern and practice of unlawfully requiring similarly situated individuals to sign purported waivers or acknowledgement forms as a condition of receiving partial payment of overtime, which waivers are invalid and contrary to law.

61.     Upon information and belief, Cantor Fitzgerald engaged in a pattern and practice of willfully failing to pay its information technology employees overtime pay in full.

## FIRST CLAIM FOR RELIEF
## FLSA OVERTIME WAGES

62.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-61 as if fully set forth herein.

63.     This claim is brought individually on behalf of the named plaintiff and the FLSA Collective.

64.     The FLSA requires that employers pay all employees one and one-half times their regular rate of pay for all hours worked in excess of 40 hours during any work week pursuant to 29 U.S.C. § 207 *et seq.*

65. Defendants violated the FLSA by failing to compensate plaintiff and the FLSA Collective for overtime wages.

66. Defendants willfully and intentionally failed to compensate plaintiff and the FLSA Collective for overtime wages.

67. As a result of defendant's willful and unlawful violations of the FLSA, plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

**SECOND CLAIM FOR RELIEF**
**NYLL OVERTIME WAGES**

68. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-67 as if fully set forth herein.

69. This claim is brought individually on behalf of the named plaintiff and the Class.

70. The NYLL requires that employers pay employees one and one-half times their regular rate of pay for all hours worked in excess of 40 hours during any work week.

71. Defendants violated the NYLL by failing to compensate plaintiff and the Class for overtime wages.

72. Defendants willfully and intentionally failed to compensate plaintiff and the Class for overtime wages.

73. As a result of defendants' willful and unlawful violations of the NYLL, plaintiff and the Class are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

**WHEREFORE**, plaintiffs respectfully request that the Court enter judgment in plaintiff's favor and against defendants, containing the following relief:

A.   On all Claims for Relief, an award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate plaintiff for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, seniority and other benefits of employment;

C.   On all Claims for Relief, an award of damages for any and all other monetary and/or non-monetary losses suffered by plaintiff in an amount to be determined at trial, plus prejudgment interest;

D.   On all Claims for Relief, an award of liquidated and/or punitive damages;

E.   On all Claims for Relief, an award of costs that plaintiff has incurred in this action, and plaintiff's reasonable attorneys' fees to the fullest extent permitted by law;

F.   On all Claims for Relief, that this Court issue an order: 1) certifying this action as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure; 2) designating plaintiff as representative of the class; 3) designating the undersigned counsel as counsel for the class;  4) directing an audit of defendants' books and records to determine the names and addresses of their employees and payroll information; 5) notifying the putative class of this action and their rights; and 6) entering judgment in favor of plaintiff class and against defendants; and

G.   On all Claims for Relief, such other and further relief as the Court may deem just and proper.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY
ON ALL CLAIMS FOR RELIEF**

Dated: New York, New York
July 2, 2015

                                      CONOVER LAW OFFICES
                                      Attorneys for Plaintiff

                            By:        /s/
                                      Bradford D. Conover, Esq.
                                      Molly Smithsimon, Esq.
                                      345 Seventh Avenue, 21st Floor
                                      New York, NY  10001
                                      (212) 588-9080
                                      brad@conoverlaw.com
                                      molly@conoverlaw.com