UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/18/2015
```

STEVEN PUENTE,

                Plaintiff,

-v-

CANTOR FITZGERALD SECURITIES, INC., *et al.*,

                Defendants.

No. 15-cv-5196 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    The Court is in receipt of a report from the Mediator informing the Court that the parties have reached an agreement on all issues in this matter. (Doc. No. 22.) However, because Plaintiff's Complaint makes claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, judicial approval is required before settlement. *See Dorain Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (holding that FLSA settlements require approval of either the district court or the U.S. Department of Labor); *Lopez v. Nights of Cabiria, LLC*, No. 14-cv-1274 (LAK), 2015 WL 1455689, at *3 (S.D.N.Y. Mar. 30, 2015) (noting that "subjecting FLSA settlements to judicial scrutiny" is the "traditional practice"). "In deciding whether to approve a stipulated settlement, the Court must scrutinize the settlement for fairness." *Boucaud v. City of New York*, No. 07-cv-11098 (RJS), 2010 WL 4813784, at *1 (S.D.N.Y. Nov. 16, 2010) (citations and internal quotation marks omitted).

    Accordingly, IT IS HEREBY ORDERED THAT by December 23, 2015, the parties shall provide the Court a copy of the settlement agreement. IT IS FURTHER ORDERED THAT by December 30, 2015, the parties shall submit a joint letter to the Court explaining why the settlement is fair, applying the criteria set forth in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d

332, 335–37 (S.D.N.Y. 2012). As Judge Furman noted in *Wolinsky*, "[t]he ultimate question is whether the proposed settlement reflects a fair and 'reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* at 335 (quoting *Mosquera v. Masada Auto Sales, Ltd.*, No. 09-cv-4925 (NGG), 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011); *Martinez v. Ragtime Foods of New York, Inc.*, No. 11-cv-1483 (JG) (CLP), 2011 WL 5508972, at *3 (E.D.N.Y. Nov. 10, 2011)). Specifically, the parties should address the following factors, which the Court will consider in determining whether the proposed settlement is fair and reasonable: (1) "the plaintiff's range of possible recovery," (2) "the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses," (3) "the seriousness of the litigation risks faced by the parties," (4) "whether the settlement agreement is the product of arm's-length bargaining between experienced counsel," and (5) "the possibility of fraud or collusion." *Id.* (citations and internal quotation marks omitted). The parties are further directed to indicate what portion of the total settlement amount shall be paid to Plaintiff's counsel as attorneys' fees, the reasonableness of which the Court must also assess. *See id.* at 336.

IT IS FURTHER ORDERED THAT the parties, including Plaintiff personally, shall appear for a fairness hearing on Thursday, December 29, 2015 at 11:00 a.m. If Plaintiff does not speak English, Plaintiff must provide his own interpreter.

SO ORDERED.

Dated:   December 18, 2015
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE