

499 Park Avenue
New York, NY 10022
T. 212-610-2200
www.bgcpartners.com

December 23, 2015

**VIA HAND DELIVERY**

Hon. Richard J. Sullivan
United States District Judge
Thurgood Marshall United States District Court
40 Foley Square
New York, NY 10007

        Re:   *Steven Puente v. Cantor Fitzgerald Securities, Inc., et al.*
                **Case Number: 15-cv-05196-RJS**

Your Honor:

      On behalf of the Defendants in the above-referenced case, I write in response to Your Honor's order, dated December 18, 2015 [Dkt. No. 23], which directed the parties to provide the Court with a copy of the settlement agreement, and to opposing counsel's recent correspondence.

      Opposing counsel's recitation of the chronology of events is inaccurate. The parties reached an enforceable settlement after an all-day mediation session on December 17, 2015. That a settlement occurred is reflected in the Final Report of the Mediator filed with the Court on December 17, 2105, which states that "the court-ordered mediation in this case was held and agreement was reached on all issues." The material terms of the parties' settlement capable of enforcement are: (i) payment by Defendants, (ii) release by Plaintiff, and (iii) dismissal of the lawsuit. Subsequent to the mediation, I reached an agreement with opposing counsel to make the terms of the settlement confidential.

      Then, to memorialize the enforceable settlement reached at mediation, we negotiated a written agreement with opposing counsel. At that time, opposing counsel attempted to include a new material term concerning retaliation that was not agreed to at any time, including at mediation.

December 23, 2015
Page 2

    Our enclosed proposed settlement agreement accurately reflects the enforceable settlement reached by the parties. Opposing counsel's proposed settlement agreement does not.

    Defendants are willing to go forward with the settlement reached at the mediation subject to the Court's Fairness Hearing.[1] We are not, however, willing to allow Plaintiff to re-trade the agreement in an attempt to add a new material term.

                                  Respectfully submitted,

                                  David A. Paul
                                  Assistant General Counsel

cc: Bradford Conover, Esq. (*via email*)

---

[1] The settlement of the parties was not contingent on the parties reaching agreement on a settlement document. In fact, there is no need for a written settlement agreement at all. Pursuant to the settlement reached at mediation, all that is needed is a release by Plaintiff and dismissal with prejudice of the lawsuit in exchange for the settlement payment.