## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is made and entered into this 13th day of January 2016 by and among Plaintiff, Steven Puente ("Puente" or "Plaintiff"), and Defendants, Cantor Fitzgerald Securities, Inc., BGC Partners, Inc., and BGC Technology Markets, L.P. (collectively "Defendants").

**WHEREAS**, Puente is employed by BGC Technology Markets, L.P. as a Voice Support Analyst;

**WHEREAS**, Puente has asserted claims in the United States District Court, Southern District of New York, in the case entitled *Steven Puente v. Cantor Fitzgerald Securities, Inc., BGC Partners, Inc., BGC Technology Markets, L.P., and Espeed Markets, L.P.*[1], (Sullivan, J.) Case No. 15-cv-05196 (RJS) (the "Lawsuit"), alleging an action for damages to recover unpaid overtime wages under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA") and New York Labor Law §§ 162, 190 et seq., 193, 198, 650 et seq. and 663, as amended by the Wage Theft Prevention Act of 2011, 12 N.Y.C.R.R. § 142 ("NYLL");

**WHEREAS**, Defendants deny all of the claims that Puente asserts against them in the Lawsuit;

**WHEREAS**, the parties desire to fully and finally resolve all controversies and disputes existing between them that were, or could have been, alleged relating to or arising out of the Lawsuit on the terms set forth herein without the admission of any facts or liability;

**WHEREAS**, the parties agree that resolution of the Lawsuit on the terms set forth herein constitutes a fair and reasonable compromise of the disputed issues;

**WHEREAS**, the parties agree that resolution of the Lawsuit on the terms set forth herein takes into consideration Puente's range of possible recovery;

90681 v1

**WHEREAS**, the parties agree that resolution of the Lawsuit on the terms set forth herein will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses;

**WHEREAS**, the parties agree that resolution of the Lawsuit on the terms set forth herein takes into consideration the seriousness of the litigation risks faced by the parties;

**WHEREAS**, the parties agree that resolution of the Lawsuit on the terms set forth herein is the product of arms-length bargaining between experienced counsel; and

**WHEREAS**, the parties agree that resolution of the Lawsuit on the terms set forth herein is not the product of fraud or collusion; and

**WHEREAS**, the parties understand that final approval of this Agreement will be the subject of a fairness hearing:

**NOW, THEREFORE**, in consideration of the mutual promises contained herein, the receipt and sufficiency of which are hereby acknowledged, the parties hereto, intending to be legally bound, **HEREBY AGREE AS FOLLOWS**:

1. The recitals above constitute representations and warranties of the parties and are material terms of the settlement.

2. In full consideration of the execution of this Agreement by Puente, and his agreement to be legally bound by its terms, Defendants shall pay Puente a total gross payment of $140,000 (ONE HUNDRED FORTY THOUSAND DOLLARS), in full settlement of the Lawsuit (the "Settlement Payment"), payable as follows: Within thirty (30) days following the full execution of this Agreement by all the parties and approval and entry of this Agreement by the court, Defendants shall deliver to Puente's attorneys the Settlement Payment in the total amount of One Hundred Thousand Dollars ($140,000), by two checks: 1) a check in the amount

---

[1] Espeed Markets L.P. is not an operating entity.

of One Hundred Thousand Dollars ($100,000) payable to "Steven Puente," less appropriate federal, state, and local taxes and any other applicable tax deductions and withholdings, with the payment to be reported to the taxing authorities via a Form W2; and 2) a check in the amount of Forty Thousand Dollars ($40,000) payable to "Conover Law Offices," which amount shall be reported on an IRS Form 1099 issued to Conover Law Offices.

3. Puente, for and in consideration of the undertakings of Defendants set forth herein, and intending to be legally bound, does hereby **RELEASE AND FOREVER DISCHARGE**, relieve, waive, and relinquish Defendants, including all their present and future affiliates, subsidiaries, including but not limited to Cantor Fitzgerald Securities, Inc., BGC Partners, Inc., and BGC Technology Markets, L.P. and Espeed Markets L.P., predecessors, successors and assigns thereof, and the partners, members, stockholders, owners, trustees, beneficiaries, officers, directors, employees, consultants, attorneys, and agents of any of the foregoing entities, whether acting as agents for any of these entities or in their individual capacities, from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, which he had, now has or hereafter can, shall or may have, or which his heirs, executors or administrators hereafter may have by reason of, arising out of, or relating to the Lawsuit, including, but not limited to, claims under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA") and New York Labor Law §§ 162, 190 et seq., 193, 198, 650 et seq. and 663, as amended by the Wage Theft Prevention Act

3

of 2011, 12 N.Y.C.R.R. § 142 ("NYLL"), from the beginning of the world until the date of this Agreement.

4. This Agreement is conditioned upon final approval of the terms set forth herein by the court, which will be the subject of a fairness hearing before the court. The rights and obligations set forth herein shall not take effect until this Agreement is So-Ordered by the court.

5. Within one week following approval and entry of this Agreement by the court, Plaintiff shall file with the Court the Stipulation and Order of Dismissal with Prejudice attached hereto as Exhibit A, indicating that the Lawsuit is dismissed with prejudice and each side shall bear its own attorneys' fees and costs.

6. Puente agrees and acknowledges that this Agreement is not, and shall not be construed to be, an admission of any violation of any federal, state or local statute, ordinance or regulation, of any duty owed by Defendants to Puente, or liability for any of the claims asserted in the Lawsuit.

7. This Agreement and the obligations of the parties hereunder shall be construed, interpreted and enforced in accordance with the laws of the State of New York.

8. Puente hereby certifies and acknowledges that: (a) no promise or inducement for this Agreement has been made to him except as set forth in this Agreement; (b) this Agreement is executed by Puente without reliance upon any statement or representation by Defendants other than as set forth herein; (c) Puente has read and fully understands this Agreement and the meaning of its provisions; (d) Puente fully understands that he is giving up important rights as against Defendants; (e) Puente is fully competent to enter into this Agreement and to accept full responsibility therefore; and (f) Puente is advised hereby in writing to consult with counsel before entering into this Agreement. Puente hereby affirms that: he has read and understands all

the terms and conditions of this Agreement; and he knowingly and voluntarily consents, and agrees to adhere, to all of the terms and conditions of this Agreement.

9. This Agreement may be executed in counterparts, including by email or facsimile, each of which shall be deemed an original, but all of which together shall constitute the entire Agreement.

10. The parties acknowledge that this Agreement represents the combined efforts of negotiation and drafting of the parties and that any ambiguity shall not be construed against any party.

11. This Agreement shall not be modified in any way except by a writing signed by all parties hereto.

**IN WITNESS WHEREOF,** and intending to be legally bound hereby, the parties hereby execute the foregoing Confidential Settlement Agreement and General Release.

DEFENDANTS
CANTOR FITZGERALD SECURITIES, INC.
BGC PARTNERS, INC.
BGC TECHNOLOGY MARKETS, L.P.

Title: Assistant General Counsel
Date: 1/13/16

PLAINTIFF

STEVEN PUENTE
Date: 1-13-2016

SO ORDERED:

_____
Richard J. Sullivan, U.S.D.J.

5

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEVEN PUENTE,

           Plaintiff,

-against-

CANTOR FITZGERALD SECURITIES, INC.,
BGC PARTNERS, INC., BGC TECHNOLOGY
MARKETS, L.P., and ESPEED MARKETS, L.P.,

           Defendants.

ECF Case

Case No.: 15-cv-05196-RJS

**STIPULATION OF DISMISSAL**

---

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, that all claims in the above-captioned action are hereby dismissed with prejudice, with each party to bear their own attorneys' fees and costs.

By:_____
    Bradford D. Conover
    CONOVER LAW OFFICES
    345 Seventh Ave. 21st Fl.
    New York, New York 10001
    (212) 588-9080
    brad@conoverlaw.com

*Attorney for Plaintiff*

By:_____
    David A. Paul, Esq.
    CANTOR FITZGERALD
    110 E. 59th Street
    New York, New York 10022
    (212) 610-2298
    dpaul@cantor.com

*Attorney for Defendants*

SO ORDERED:

_____
Richard J. Sullivan, U.S.D.J.